IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THUNDER COLLINS, | ) | 4:12CV3235 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FRED BRITTEN, and NEBRASKA | ) | |
| ATTORNEY GENERAL, | ) | |
| | ) | |
| Respondents. | ) | |

    The court has conducted an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Liberally construed, Petitioner asserts he was denied due process in violation of the Fourteenth Amendment *because* the trial court (1) denied Petitioner's motion for directed verdict, (2) sustained the state's 404 motion to "adduce" evidence of a prior relationship between Petitioner and California drug dealers, (3) allowed the state to file a second amended information 20 days before trial, (4) denied Petitioner's motion for new trial, and (5) submitted a felony murder charge to the jury. (Filing No. 1.)

    The court preliminarily decides that Petitioner's claims, as set forth in this Memorandum and Order, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of his claims or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

    Also pending are several Motions filed by Petitioner. The court will address each motion in turn.

I.      Petitioner's Motion to Appoint Counsel

Petitioner has filed a Motion to Appoint Counsel. (Filing No. 5.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment of counsel] is committed to the discretion of the trial court." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997) (citations omitted). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.,* Morris v. Dormire, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied,* 531 U.S. 984 (2000); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted); *see also* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts (requiring appointment of counsel if an evidentiary hearing is warranted). Upon review of the pleadings and Petitioner's Motion, there is no need for the appointment of counsel at this time.

II.     Motion for More Library Time

Petitioner has filed a Motion for More Library Time. (Filing No. 8.) In his Motion, Petitioner argues that he should be given more than one hour per week of library time. (*Id.*) Liberally construed, Petitioner alleges his limited library time is interfering with his access to the courts. (*Id.*) To prove a violation of the right of meaningful access to the courts, Petitioner must establish that Defendant did not provide him with an opportunity to litigate his claim in "a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008) (citation omitted). "To prove actual injury, [Petitioner] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id*. (quoting Lewis v. Casey, 518 U.S. 343, 353 (1996)).

Here, Petitioner has not had a problem communicating with this court (see filing nos. 1, 5, 6, 7, 8 and 9) nor has he shown that his current library time is

2

insufficient to present his legal claims. Accordingly, Petitioner's Motion for More Library Time is denied.

### III. Motion for Release on Bail

Petitioner has filed a Motion for Release on Bail. (Filing No. 9.) "Release on bail pending disposition of the habeas petition, or pending appeal, requires the habeas petitioner to show not only a substantial federal constitutional claim that presents not merely a clear case on the law, but a clear, and readily evident, case on the facts, but also the existence of some circumstance making [the request] exceptional and deserving of special treatment in the interests of justice." *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986) (internal citations and quotations omitted). "Habeas petitioners are rarely granted release on bail pending disposition or pending appeal." *Id*.; See also *Johnston v. Marsh*, 227 F.2d 528, 529 (3d Cir. 1955) (medical emergency); *cf. Boyer v. City of Orlando*, 402 F.2d 966, 967-68 (5th Cir. 1968) (extraordinary attempt to accommodate exhaustion of available state remedies with petitioner's clearly meritorious constitutional claim). Upon review of the pleadings and Petitioner's Motion, Petitioner has failed to show that any exceptional or extraordinary circumstances warrant his release on bail pending disposition of this proceeding.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition (filing no. 1), the court preliminarily decides that Petitioner's claim is potentially cognizable in federal court.

2. The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition (filing no. 1) to Respondents and the Nebraska Attorney General by regular first-class mail.

3. By **March 29, 2013**, Respondent shall file a motion for summary judgment or state court records in support of an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **March 29, 2013**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

4. If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

    A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

    B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief shall be served upon Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D. No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in

opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner**.

5. If Respondent elects to file an answer, the following procedures shall be followed by Respondent and Petitioner:

A. By **March 29, 2013**, Respondent shall file all state court records which are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

B. No later than 30 days after the filing of the relevant state court records, Respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the

5

filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

6

      F.      The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 29, 2013**: check for Respondent to file answer and separate brief.

6.      No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

7.      Petitioner's Motion to Appoint Counsel (filing no. 5), Motion for More Library Time (filing no. 8), and Motion for Release on Bail (filing no. 9) are denied.

8.      Because this Memorandum and Order informs Petitioner about the status of his case, Petitioner's Motion for Status (filing no. 7) is denied as moot.

DATED this 14th day of February, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.