IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THUNDER COLLINS, | ) | |
| | ) | |
| Petitioner, | ) | 4:12CV3235 |
| | ) | |
| v. | ) | |
| | ) | |
| FRED BRITTEN, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

Thunder Collins has filed a petition under 28 U.S.C. § 2254 (filing no. 1) challenging his conviction under Nebraska law for murder and related crimes. The matter has been fully briefed, and the record made complete. I find and conclude that Collins has failed to fairly present his claims as federal Constitutional claims to the Nebraska courts and thus has defaulted them or that, when the required deference is given the Nebraska Supreme Court, his claims lack merit.

## *I. BACKGROUND*

After a jury trial, Thunder Collins was convicted of first degree murder, attempted second degree murder, first degree assault, and two counts of use of a weapon to commit a felony. He was sentenced to a combined sentence of life plus at least 90 years' imprisonment.

Boiled down, the jury believed that Collins, with the assistance of other people, ripped off some California drug dealers, killing one and seriously harming another. On direct appeal to the Nebraska Supreme Court, said appeal being required by the fact that a life sentence was imposed, Collins asserted six claims. They were: the district court erred in (1) denying his motion for a directed verdict; (2) admitting evidence of a prior relationship between Collins and the victims, in violation of rule

404; (3) allowing the State to file a second amended information just 20 days prior to trial; (4) overruling Collins' motion for new trial based on newly discovered evidence; (5) overruling Collins' motion for new trial due to the district court's action in allowing the jury to separate during deliberations; and (6) submitting the felony murder charge to the jury.

The Nebraska Supreme Court denied five of the six claims in the first appeal. *State v. Collins*, 799 N.W.2d 693 (Neb. 2011). The opinion was extremely thorough and factually detailed. Regarding the claim that the jury was not sequestered, the Nebraska Supreme Court remanded that claim for an evidentiary hearing on whether the prosecution could show that there was no prejudice. Following an evidentiary hearing where it was clearly established that the jurors engaged in no improper conduct and were not influenced by external sources, the Nebraska Supreme Court affirmed Collins' conviction and sentence. *State v. Collins*, 812 N.W.2d 285 (Neb. 2012). Collins did not seek review by the United States Supreme Court.

On June 19, 2012, Collins filed a motion for postconviction relief. (Filing No. 12-14 at CM/ECF pp. 14-17.) Collins alleged two claims in his postconviction motion: (1) the Nebraska Supreme Court erred in finding on direct appeal that the rule 404 violation was harmless error, and (2) Collins' conviction was inconsistent with the conviction of his codefendant. (*Id.*) The state district court entered a written opinion denying Collins' postconviction motion without an evidentiary hearing. (*Id.* at CM/ECF pp. 24-26.) Collins appealed to the Nebraska Supreme Court, arguing that the district court erred in denying Collins' first postconviction claim – that the Nebraska Supreme Court erred in finding on direct appeal that the rule 404 violation was harmless error. (*Id.* at CM/ECF p. 1; Filing No. 12-10 at CM/ECF pp. 3, 5-7.) The Nebraska Supreme Court affirmed the state district court's judgment by sustaining the State's motion for summary affirmance on October 31, 2012. (Filing No. 12-3 at CM/ECF p. 2.)

Collins filed his petition in this court on November 28, 2012. The matter was initially reviewed, and five claims were found to be "potentially cognizable" in federal court. (Filing no. 10.) That is:

> Liberally construed, Petitioner asserts he was denied due process in violation of the Fourteenth Amendment because the trial court (1) denied Petitioner's motion for directed verdict, (2) sustained the state's 404 motion to "adduce" evidence of a prior relationship between Petitioner and California drug dealers, (3) allowed the state to file a second amended information 20 days before trial, (4) denied Petitioner's motion for new trial, and (5) submitted a felony murder charge to the jury.

*Id.*

Nebraska has answered the petition (filing no. 19), submitted the record (filing no. 12, filing no. 13, filing no. 14, filing no. 15, filing no. 16), and briefed the matter. (Filing no. 20.) Collins has responded with his brief (filing no. 24), and the matter is now deemed submitted.[1]

## II. ANALYSIS

Intending no disrespect, this case is not difficult. Claims 2 and 3 have been procedurally defaulted because Collins did not fairly present the substance of each of those federal claims to the state courts and he is now barred from doing so.[2]

---

[1] Collins was given leave to amend his petition after Nebraska filed its brief, but he failed to do so. (Filing no. 23.) Instead, he filed his brief in response.

[2] Collins has provided nothing that would excuse the procedural default. He certainly is not "actually innocent."

Additionally, claims 1, 4 and 5 have no substantive merit.[3] Briefly, I next explain why this is so.

A.   Standard Under 28 U.S.C. § 2254(d)

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. 529 U.S. at 405-406. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, Section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

---

[3]Indeed, none of the claims have substantive merit even if somehow they were fairly presented to the Nebraska Supreme Court as federal claims.

As the Supreme Court noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.* In short, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* However, this high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. . . . Accordingly, the postconviction trial court's discussion of counsel's performance–combined with its express determination that the ineffective-assistance claim as a whole lacked merit–plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (internal quotation marks and citations omitted). The court also determined that a federal court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." *Id.* at 497. A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id.* The Supreme Court agrees, stating:

> There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.

*Harrington*, 131 S. Ct. at 784.

**B.     Exhaustion Requirement**

As set forth in 28 U.S.C. § 2254(b)(1):

> (b)(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>    (A)    the applicant has exhausted the remedies available in the courts of the State; or
>
>    (B)    (i)    there is an absence of available State corrective process; or
>           (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues

by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each *federal constitutional claim* to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Moreover, where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002).

In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and issues a "'plain statement' that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *see also Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted).

C.  **Claims 2 and 3 Have Been Procedurally Defaulted**

Claim 2 asserts that the trial judge erred by admitting evidence of a prior relationship between Collins and the victims, in violation of Nebraska Rule of Evidence 404. Claim 3 asserts that the trial court erred by allowing the State to file a second amended information just 20 days prior to trial in violation of Nebraska procedural requirements as set forth in the Nebraska case law.

These were entirely and only state law claims. They were never presented or argued or decided as anything but state law claims. Collins cannot now get the *federal* claims back to the state court because Nebraska law bars such an effort either because those claims could have been presented on direct appeal or by post conviction action. Having availed himself of both remedies without raising the *federal* claims, Nebraska

state law bars further inquiry. Accordingly, a federal procedural default arises as to both claims 2 and 3.[4]

### D. When the Nebraska Supreme Court is Accorded Due Deference, Claims 1, 4 and 5 Have No Merit

Claims 1 and 5 essentially raise sufficiency of the evidence claims in federal constitutional garb. Basically, Collins argues that no reasonable jury could convict him because only one witness testified that Collins was the shooter and that witness had an incentive to lie.

The Nebraska Supreme Court carefully reviewed the evidence, and wrote:

> In sum, viewed in a light most favorable to the State, the evidence shows that Collins was aware of the cocaine secreted in the vehicle and knew the amount of money sale of the cocaine would bring and how much money he would have to pay Turner and Thomas. Johnson testified that Collins told him that he wanted to "get" Turner and Thomas. Collins had Patterson and Burton provide him with two weapons, then lured Turner and Thomas into a closed garage with just one exit. In addition, Turner testified that Collins shot Thomas. Finally, physical evidence presented at trial showed Collins shot Turner and killed Thomas.

---

[4]On direct appeal Collins alleged, as a separate assignment of error, that the state district court erred in submitting the felony murder charge to the jury. (Filing No. 12-6 at CM/ECF p. 9.) Because Collins' argument for this claim focused solely on sufficiency of evidence, however, the Nebraska Supreme Court addressed the assignment of error together with his claim that the trial court erred in denying his motion for directed verdict on all charges. (Filing No. 12-4 at CM/ECF p. 10.) To the extent that Collins' fifth habeas claim is the same as his first habeas claim, as it was on direct appeal, the claim has no substantive merit and will be addressed on the merits. If, however, Collins is raising a claim separate from his first habeas claim, his fifth habeas claim has been procedurally defaulted because it was not presented to the state courts.

*Collins*, 799 N.W.2d at 706.

I also note that a fellow by the name of Johnson testified against Collins. Among other things, Johnson helped to select the house were the "rip off" took place and he placed a gun in the house. After Collins was arrested, the evidence revealed:

> a telephone call from Collins to the home of Johnson's parents. This call was made from the Douglas County Correctional Center on November 10, 2008. In the call, Collins, speaking to Johnson's girlfriend and later to Johnson's father, indicated that Collins had cleared Johnson from being in the garage at the time of the shooting, but that Johnson needed to stop telling people that a robbery was in progress. Collins then explained the felony murder rule and suggested that Johnson's father speak to Johnson about Johnson's changing his story. Johnson testified that in addition to this telephone call, a message from Collins was relayed to him via the barber at the correctional center and that Johnson was told to keep his mouth shut.

*Id.* at 705.

Claims 1 and 5 have no merit.

Claim 4 relates to a motion for new trial and is liberally construed as a federal claim. It should be considered in two parts, and, once again, when the deference due the Nebraska Supreme Court is given, it is apparent that this claim lacks merit.

For the first part of Claim 4, Collins claims that the trial court and the Nebraska Supreme Court erred by failing to give him a new trial after he discovered "new evidence" of his innocence. The evidence related to the testimony of a woman who allegedly saw another woman walk out of the place where the shooting occurred and tell the neighbor that one of the "Johnson boys" shot somebody in the garage. As the Nebraska Supreme Court noted, this was not "new evidence" because the woman's existence had been known by both sides prior to trial and, even more importantly, the woman's testimony was full of contradictions, inconsistent with the observations of

percipient witnesses and the woman failed to mention her testimony about the "Johnson boys" when she first reported the incident to a law partner of the defense lawyer representing Collins. *Id.* at 710. To the extent that there is a federal constitutional claim involved, this portion of Claim 4 has no merit.

The second portion of Claim 4 relates to the failure to sequester the jury. The Nebraska Supreme Court approached this issue very carefully. It remanded for a full evidentiary hearing where all the jurors were called to testify and the issue was fully examined by the trial judge and counsel. The Nebraska Supreme Court carefully reviewed the record made at remand, and issued a separate opinion explaining fully why it concluded that the prosecutor had proven there was no prejudice. *State v. Collins*, 812 N.W.2d 285. There was certainly nothing improper within the meaning of 28 U.S.C. § 2254(d)(1) about the Nebraska Supreme Court decision on this issue. *See, e.g., Mastrian v. McManus*, 554 F.2d 813, 818-819 (8th Cir. 1977) (despite extensive publicity, denying habeas corpus relief where jury was not sequestered) (J. Heaney).

### III. CONCLUSION AND NO CERTIFICATE

No matter how viewed, Collins' claims have no substantive merit. Moreover, two of them are also procedurally defaulted. He is not entitled to relief.

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Collins has failed to make a substantial showing of the denial of a constitutional right. I am not persuaded that the issues raised in the Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, I will not issue a certificate of appealability in this case.

Finally, I appreciate the manner in which Erin E. Tangeman, the Assistant Nebraska Attorney General who handled this case, approaches these important matters. Her commitment to providing a complete record and a brief which is thorough but direct and to the point materially assists our court in fairly resolving these matters. Also, her full understanding of the applicable federal law is evident.

IT IS ORDERED that:

1. Collins' Petition for Writ of Habeas Corpus (filing no. 1) is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. No Certificate of Appealability will be issued.

June 4, 2014.                    BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.